UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ENGINEERS JOINT WELFARE FUND, et al.     No. 5:10-cv-474
                                          (NPM/ATB)

              Plaintiffs,
  v.

C. DESTRO DEVELOPMENT CO., INC., et al.,

              Defendants.
_____

JENNIFER A. CLARK, ESQ., for Plaintiffs
BRIAN P. FITZGERALD, ESQ., for Defendants

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Presently before this court is plaintiff's letter motion (Dkt. No. 32) to compel further responses to written discovery requests, to hold defendants in contempt for inadequate discovery responses, and for discovery sanctions, including attorneys' fees. Defendants filed a letter in opposition to plaintiffs' motions. (Dkt. No. 33). The court conducted a stenographically-recorded, telephonic discovery conference on July 24, 2012. Based upon the written submissions and the arguments of counsel, and for the reasons stated during the discovery conference, this court denies plaintiffs' motions.[1]

---

[1] The court notes that, during the conference, the defendants agreed to provide, by August 24, 2012, formal Rule 26 mandatory disclosures, a renewed demand for which plaintiffs made in their July 12, 2012 letter motion. The court also directed defense counsel to confirm that defendants' accountants had no records responsive to plaintiffs' first set of interrogatories, #4.

The plaintiffs' primary objection to defendants' responses to the second set of interrogatories is that some of the responses directed plaintiffs to a group of business records purportedly containing the requested information, rather than supplying written answers.  Fed. R. Civ. P. 33(d) allows a party to respond to interrogatories in this fashion if the burden of ascertaining the answer from the documents identified will be substantially the same for either party.  Although neither party provided the court with the particular records referenced in defendants' interrogatory answers, the court has concluded that the defendants' supplemental responses are adequate, if barely so.  Moreover, the plaintiffs clearly intend to examine and audit the records provided by defendants in response to the interrogatories, as well as substantial additional records which defense counsel has agreed to make available to the auditors. Because the plaintiffs' audit will fill in any perceived gaps in defendants' interrogatory responses, the court finds that it would be a waste of the resources of the parties and the court to require the defendants to further supplement the interrogatory responses to which plaintiff has objected.  Having denied plaintiffs' motion to compel further responses to its interrogatories, the motions to hold defendants in contempt and for discovery sanctions should also be denied.

**WHEREFORE, IT IS HEREBY ORDERED** that plaintiffs' motion to compel, to hold defendants in contempt, and for sanctions (Dkt. No. 32) is **DENIED**.

**Dated:  July 25, 2012**

*[signature: Andrew T. Baxter]*

Hon. Andrew T. Baxter
U.S. Magistrate Judge